IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUTHER L. BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO: CV 3:06 CV 795-WKW |
| ) | |
| v. ) | |
| ) | |
| McWHORTER FARMS, LLC; MICHAEL L. ) | |
| ADKINS; LIFESTAR RESPONSE OF ) | |
| ALABAMA, INC, D/B/A CARE ) | |
| AMBULANCE, et al., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS

COMES NOW the Defendant, **Lifestar Response of Alabama, Inc.**, (hereinafter "the Defendant"), pursuant to Alabama Rule of Civil Procedure 12(b)(6) and ALA. CODE § 6-5-551, and moves this Honorable Court to Dismiss all claims asserted against the Defenedant for the following reasons:

1. According to the Plaintiff's Complaint, the motor vehicle accident made the basis of this lawsuit occurred on or about March 14, 2006 in Macon County, Alabama. (Compl. ¶ 6).

2. The Plaintiff alleges that at the aforementioned time and place, a vehicle operated by Defendant Michael Adkins collided with the Plaintiff's vehicle, thereby causing the Plaintiff to suffer bodily injuries. (Compl. ¶ 6).

3. The Complaint further alleges that when the Defendant's ambulance personnel attended to and transported the Plaintiff from the accident scene, they did so in such a manner that caused or contributed to the Plaintiff's claimed injuries. (Compl. ¶ 7).

4.	The Alabama Medical Liability Act, (hereinafter "AMLA"), defines health care provider as a medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in § 6-5-481. ALA. CODE § 6-5-542(1). "The [AMLA] defines other health care providers as any professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services." Anderson v. Alabama Reference Laboratories, 778 So. 2d 806, 809 (Ala. 2000)(citing ALA. CODE § 6-5-481(8)(emphasis added).

5.	Based upon the Plaintiff's allegations, the Defendant's ambulance personnel delivered health care services to the Plaintiff at the accident scene and during his transport to the hospital. Accordingly, **the Defendant is a other health care provider** as contemplated by § 6-5-481(8) and, therefore, all claims against the Defendant is this action come under the AMLA. See, e.g. Anderson v. Alabama Reference Laboratories, 778 So. 2d 806, 810 (Ala. 2000)(laboratory fell within the AMLA's definition of "other health care provider"); Cackowski v. Wal-Mart Stores, Inc., 767 So. 2d 319, 324-25 (Ala. 2000)(a pharmacist, though not explicitly included in the AMLA's list of health care providers, was included within the AMLA definition of "other heath care provider"); Ex parte Main, 658 So. 2d 384, 387 (Ala. 1995)(a registered nurse assigned by an insurance underwriter to supervise the patient's rehabilitation, though not explicitly included in the list of health care providers in the AMLA, was a "other health care provider"); Tuscaloosa Orthopedic Appliance Co. v. Wyatt, 460 So. 2d 156, 161 (Ala. 1984)(orthodontists are "health care providers" who provide services as prescribed by physicians for their patients); Crowne Invs., Inc. v. Reid, 740 So. 2d 400, 405 (Ala. 1999)(the AMLA applies to a professional corporation that was under contract to manage a nursing home); Rosemont, Inc. v. Marshall, 481 So. 2d 1126, 1129 (Ala. 1986)(a nursing home, though no explicitly included in the list of hospitals in the AMLA, was a skilled intermediate-care nursing facility and was a hospital for purposes of the AMLA).

6. According to the Supreme Court of Alabama, the AMLA governs all claims arising from the care or services provided by a health care provider for the breach of the standard of care, whether resulting from acts in providing health care, or the hiring, training, supervision, retention, or termination of employees. See Ex parte Ridgeview Health Care Center, Inc., 786 So. 2d 1112, 1116 (Ala. 2000).

7. With regard to such claims, the Alabama Legislature has specifically mandated that the AMLA governs "all aspects of the action." ALA. CODE § 6-5-551(expressly referencing "any action for injury, damages, or wrongful death, whether in contract or tort"); see also Collins v. Ashurst, 821 So. 2d 173, 176 (Ala. 2001); Mock v. Allen, 783 So. 2d 828, 832 (Ala. 2000)(stating that "a plaintiff cannot avoid application of the AMLA by 'creative pleading'").

8. Section 6-5-551 of the Alabama Code requires that the Plaintiff, in an AMLA action, include in the Complaint "**a detailed specification and factual description of each act and omission alleged to render the health care provider liable** and shall include when feasible and ascertainable the date, time and place of the act or acts ... **[a]ny complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.**" ALA. CODE § 6-5-551 (1987)(emphasis added).

9. In the instant case, the Plaintiff's Complaint fails to comply with § 6-5-551. Not only does the Plaintiff fail to allege that the Defendant's ambulance personnel breach an applicable standard of care, but the Complaint also fails to specify a "factual description of each act or omission alleged to render the health care provider liable." In fact, there is no reference in the Complaint, whatsoever, as to what the Plaintiff believes the Defendant's paramedics did or failed to do so as to cause the Plaintiff harm.

10.     Therefore, under § 6-5-551, the Plaintiff's Complaint is due to be dismissed for lack of specificity, and the Defendant requests that this Honorable Court enter an Order granting this Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Honorable Court enter an Order dismissing all claims against this Defendant for lack of specificity as required by ALA. CODE § 6-5-551.

                                                                S/THOMAS L. OLIVER, II
                                                                Thomas L. Oliver, II (OLI013)
                                                                Lea Richmond, IV (RIC062
                                                                Attorneys for Defendant Lifestar Response of Alabama, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:     (205) 822-2057

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on this the 7th day of September, 2006:

David M. Cowan, Esq.
MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
R. KEITH THOMAS, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

McWhorter Farms, LLC
c/o Jesse M. Stockton, Jr.
111A West Jefferson Street
Albany, Kentucky 42602

Michael L. Adkins
203 West Harper Lane
Albany, Kentucky 42602

Mr. Walter Edgar McGowan
Gray, Langford, Sapp, McGowan, Gray & Nathanson
P. O. Box 830239
Tuskegee , Alabama 36083-0239

                                    S/THOMAS L. OLIVER, II
                                    OF COUNSEL