IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUTHER L. BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:06-cv-795-WKW |
| ) | |
| MCWHORTER FARMS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Luther L. Billingsley (hereinafter "Billingsley"), who hereby objects to the Motion to Dismiss filed on behalf of the Defendant Lifestar Response of Alabama, Inc. d/b/a Care Ambulance (hereinafter "Lifestar"). In support of this objection, Billingsley states as follows:

1. On or about September 7, 2006, Lifestar filed an Answer in Macon County Circuit Court. (Exhibit A). Therefore, any Motion to Dismiss filed in this Court is improper as Lifestar has demonstrated an intent to litigate the matters raised in the Complaint in Macon County. Accordingly, Lifestar's Motion to Dismiss filed in this Court is improper and should be denied in whole.

2. Alternatively, Billingsley contends that the allegations in his Complaint against Lifestar are sufficient to satisfy the requirements of §6-5-551. Lifestar's interpretation of the requirements of that code section is much more onerous than what the law actually requires. In *Mikkelsen v. Salama,* 619 So. 2d 1382 (Ala. 1993), the Alabama Supreme Court plainly stated that it is not mandatory that every element of a cause of action be stated with particularity. Instead, the test is whether or not the complaint affords a defendant fair notice of the essential elements. In the present case, Billingsley's

complaint plainly states in simple terms that employees of Lifestar negligently or wantonly injured (or contributed to his injuries) when they transported Billingsley by ambulance to the hospital following the wreck. In doing so, Billingsley provided the location of the event (I-85 in Macon County, Alabama), the date of the event (March 14, 2006), the time of the event ("following the accident"), the legal causes of action (negligence and wantonness) and, then, an allegation that the conduct caused or contributed to his injuries. This complaint more than satisfies the requirements of Alabama law.

  3. However, to the extent Billingsley's Complaint is deficient in any manner, the appropriate remedy is for Billingsley to be granted leave to amend his complaint to satisfy the requirements of §6-5-551. There is no authority known to Billingsley that would justify dismissing this case on the basis of an alleged, technical deficiency in a pleading. In fact, the only case known to Billingsley wherein a complaint for medical negligence was dismissed for inadequate pleading is *Thomas v. Baptist Medical Center-DeKalb*, 614 So.2d 997 (Ala. 1993). The bizarre facts of this case were that a pro-se plaintiff attempted to state various claims against certain health care providers for an alleged surgery that did not even take place. Further, the plaintiff alleged that the defendants should have been required to provide her with a court ordered x-ray. In the end, the Court upheld a dismissal of the case because the plaintiff had failed to plead even the date and/or time of the events in question. Notwithstanding *Thomas*, there is no known case where a valid and specific complaint has been dismissed pursuant to §6-5-551.

  WHEREFORE, the Plaintiff respectfully requests that the Court deny Lifestar's Motion to Dismiss.

Respectfully Submitted,

S/ DAVID M. COWAN
ASB-4957-W85D
*Attorney for Plaintiff*
**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-mail: David@mcplaw.com

### **CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 26th day of September, 2006, electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following and that I have served non-CM/ECF participants via U.S. mail:

Steven K. Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Suite 904
Post Office Box 4190
Montgomery, Alabama 36103

Shane M. Oncale, Esq.
Clark Oncale Hair & Smith, PC
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

Thomas L. Olliver, II, Esq.
Carr Allison
100 Vestavia Parkway
Suite 200
Birmingham, Alabama35216

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

S/ DAVID M. COWAN
OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| LUTHER BILLINGSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: CV 06-158 |
| | ) |
| MCWHORTER FARMS, LLC, MICHAEL L. | ) |
| ADKINS, LIFESTAR RESPONSE OF | ) |
| ALABAMA, INC. D/B/A/ CARE | ) |
| AMBULANCE, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

COMES NOW Defendant LIFESTAR RESPONSE OF ALABAMA, INC. and in response to the plaintiff's complaint, states as follows:

1.  Defendant admits that it is a corporate entity actively conducting business by agent within the state of Alabama, including Macon County. Defendant lacks sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 1 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

2.  Paragraph number 2 of the plaintiff's Complaint pertains to fictitious parties and not to this Defendant. To the extent the allegations contained in Paragraph 2 of the plaintiff's Complaint are interpreted to apply to this defendant, those allegations are denied and Defendant demands strict proof thereof.

3.  Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 3 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.



EXHIBIT A

4. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 4 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

5. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 5 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

6. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 6 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

7. Defendant denies the averments contained in Paragraph 7 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT ONE

8. Defendant adopts and realleges the averments contained in paragraphs 1-7 above as if set forth in full herein.

9. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 9 of the plaintiff's Complaint and, therefore, demands strict proof thereof.

10. Defendant denies the averments contained in paragraph 10 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO

11. Defendant adopts and realleges the averments contained in paragraphs 1-10 above as if set forth in full herein.

12. Defendant lacks sufficient information and knowledge to either admit or deny the averments contained in Paragraph 12 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

13. Defendant denies the averments contained in paragraph 13 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE

14. Defendant adopts and realleges the averments contained in paragraphs 1-13 above as if set forth in full herein.

15. Defendant lacks sufficient information and knowledge to either admit or deny the averments contained in Paragraph 15 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

16. Defendant denies the averments contained in Paragraph 16 of the plaintiff's Complaint.

## COUNT FOUR

17. Defendant adopts and realleges the averments contained in paragraphs 1-16 above as if set forth in full herein.

18. Defendant denies the averments contained in Paragraph 18 of the plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant denies that the plaintiff's Complaint sets forth a cause of action against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant denies each and every material averment of the plaintiff's Complaint not previously admitted or otherwise addressed.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies that any act or omission on its part or on the part of its employees, agents or servants, caused or contributed to cause the injuries and damages alleged by the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiff were the result of an independent, superseding or intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiff were caused by the acts or omissions of an unnamed third party.

## SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads in defense all applicable provisions of the Alabama Medical Liability Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to contain the level of detail and specificity required by §6-5-551 of the Alabama Code.

## EIGHTH AFFIRMATIVE DEFENSE

Under Alabama law, the plaintiff's own contributory negligence bars his recovery in this case.

### NINTH AFFIRMATIVE DEFENSE

Under Alabama law, Plaintiff assumed the risk of his own injuries thereby barring recovery in this case.

### TENTH AFFIRMATIVE DEFENSE

Defendant denies that any act or omission on its part or the part of its agents, employees or servants rose to the level necessary to support an award of punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The award of punitive damages claimed by the plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighty and/or Fourteenth Amendments to the Constitution of the United Sates and Article 1, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by punitive damages after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* §6-11-21 (Repl. Vol 1993).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## FOURTEENTH AFFIRMATIVE DEFENSE

Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. V. Oberg*, 114 S. Court. 2331 (1994).

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against this defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to the plaintiff's demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW of North*

*America, Inc., v. Gore*, 646 So. 2d 619 (Ala. 1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, WL 233910 (May 9, 1997).

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by the plaintiff in this lawsuit, constitutes a violation of the due process clause of the Constitution of the United States, under the authority of **BMW of North America, Inc., v. Gore,** 646 So.2d 619 (Ala.1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997). The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant so as to deprive it of due process of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant avers that the 1993 decision of **Henderson v. Alabama Power Company**, 626 So.2d 878, declaring Section 6-11-21, **Code of Alabama**, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

### NINETEENTH AFFIRMATIVE DEFENSE

Alabama law regarding joint and several liability of defendants is constitutionally void as to the defendant and as applied to the facts and circumstances in this case in that:

(a) It operates to create an arbitrary capacious method and manner for the jury's assessment and determination of damages without regard to the quality and the quantity of the culpability of other defendants joined in one action.

(b) It operates to deny this defendant a fair opportunity to have the jury assess

damages based on this defendant's own culpability for negligence and/or wantonness, which cannot be segregated from allegations of negligence and/or wantonness against other defendants joined as one in this action.

(c) That in failing to provide for joint contribution and apportionment of damages among defendants:

(1) It deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendment of the Constitution of the United States and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law: and

(2) Separately, it deprives this defendant of property without due process of law contrary to Article I, Section Six of the Constitution of the State of Alabama providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that plaintiffs are not entitled to recover in this case against this defendant for damages based on the evidence of negligence and wantonness of other defendants.

That it denies this defendant the equal protection of law contrary to the Fourteenth Amendment of the Constitution of the United States of America and specifically contrary to that portion of said Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that joint and several liability under Alabama law discriminates against this defendant in favor of other defendants guilty of negligence and/or wantonness.

That the failure of Alabama law regarding joint and several liability is unconstitutional for its failure to make provisions for the imposition of one assessment of damages against all joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to

establish a classification against these defendants for acts of negligence and/or wantonness it did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and provisions of the Constitution of the State of Alabama, which requires the State to afford all persons equal protection under the law.

### TWENTIETH AFFIRMATIVE DEFENSE

The Alabama Wrongful Death Statute codified as §6-5-410, Code of Alabama, 1975 is constitutionally void as to this defendant and as applied to the facts and circumstances of this case in that:

(a) It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and the quantity of the culpability of other defendants joined in one action.

(b) It operates to deny this defendant a fair opportunity to have the jury assess damages based on this defendant's own culpability for negligence and/or wantonness, which cannot be segregated from allegations of negligence and/or wantonness against other defendants joined as one in this action.

(c) That in failing to provide for joint contribution and apportionment of damages among defendants:

(1) It deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments of the Constitution of the United States and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and,

(2) Separately, it deprives this defendant of property without due process of law contrary to Article I, Section Six of the Constitution of the State of Alabama providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that plaintiff is not entitled to recover in this case against this defendant for damages based on the evidence of negligence and/or wantonness of other defendants.

**DEFENDANT DEMANDS TRIAL BY JURY**

/s/ 
_____
SHANE M. ONCALE (ASB-8108-N77S)
Attorney for Defendant Lifestar Response of
Alabama, Inc.

OF COUNSEL:

Clark Oncale Hair & Smith, PC
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209
(205) 397-2900

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 6th day of September, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same in the U. S. Mail properly addressed and first-class postage prepaid to:

| David M. Cowan<br>MANN, COWAN & POTTER, P.C.<br>2000-B SouthBridge Parkway<br>Suite 601<br>Birmingham, AL 35209 | McWhorter Farms, LLC<br>c/o Jesse M. Stockton, Jr.<br>111 A W. Jefferson Street<br>Albany, NY 42602 |
|---|---|
| R. Keith Thomas<br>404 South Main Street<br>PO Box 830899<br>Tuskegee, Alabama 36083 | Michael Adkins<br>203 West Harper Lane<br>Albany, KY 42602 |

/s/
_____
OF COUNSEL