IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUTHER L. BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:06-cv-795-WKW |
| ) | |
| MCWHORTER FARMS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW the Plaintiff, Luther L. Billingsley (hereinafter "Billingsley"), who moves this Court for an order remanding this cause to the Circuit Court of Macon County, Alabama. Said motion is premised upon 28 U.S.C. §1447. Additionally, Billingsley relies upon the following in further support of this motion:

1. All pleadings on file with this Court;

2. The Defendants' Notice of Removal, with attached exhibits; and,

3. The brief included herein.

**I. REQUIREMENTS FOR ESTABLISHING FEDERAL JURISDICTION**

In removing an action to federal court, the Defendants bear the burden of properly establishing federal jurisdiction. *Diaz v. Shepherd*, 85 F.3d 1502 (11th Cir. 1996). In the event the Plaintiff is able to raise any doubt with regard to the propriety of removal, then that doubt must be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); see also *Diaz,* 85 F.3d at 1505. Moreover, "remand is favored where federal jurisdiction is not absolutely

clear." *Lambert v. Mail Handlers Benefit Plan*, 886 F. Supp. 830, 832 (M.D. Ala. 1995). "Subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power. Whether raised by the litigants or not, the federal courts, including appellate courts, are duty bound to determine jurisdiction and dismiss [or remand] any case in which it is found to be wanting." *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983).

Given that the Defendants have raised the issue of fraudulent joinder, it is the burden of these Defendants to establish that there is "no possibility that the Plaintiff can establish a cause of action against the resident Defendant . . . ." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). This burden has been described as "a heavy one." *Id*. "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The standard governing the propriety of removal with regard to fraudulent joinder was properly stated in *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1989):

> If there is a *possibility* that a state court would find that the Complaint states a cause of action against any one of the resident Defendants, the federal court must find that the joinder is proper and remand the case to the state court. (Emphasis added).

The U. S. District Court for the Middle District of Alabama further defined a defendant's burden of demonstrating fraudulent joinder in *Bromberg v. Metropolitan Life Ins. Co.*, 50 F. Supp.2d 1208, 1213 (M.D. Ala. 1999) and stated the same as follows:

> The fact that the Plaintiffs may not ultimately prevail against the individual Defendants because of an insufficient causal link between the Defendant's actions and the Plaintiffs' injuries does not mean that the Plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, federal courts are not to weigh the merits of a Plaintiff's claim beyond determining whether it is an arguable one under state law.

As will be demonstrated below, the Defendants have wholly failed to satisfy their burden of demonstrating the propriety of this removal. For the reasons stated below, this cause is due to be remanded.

## II. FACTS OF THE CASE

This case arises out of a March 14, 2006 automobile wreck that occurred on Interstate 85 in Macon County, Alabama. (See Complaint). At the time of the accident, Billingsley was headed East on I-85 when he was inexplicably struck from behind by an eighteen wheel tractor-trailer unit driven by Michael L. Adkins (hereinafter "Adkins") on behalf of McWhorter Farms, LLC. (hereinafter "McWhorter Farms") (*Id*.). Following the wreck, personnel from Lifestar Response of Alabama, Inc. (hereinafter "Lifestar") ambulance service transported Billingsley to a hospital in Montgomery, Alabama. (*Id*.).

On August 2, 2006, Billingsley initiated suit against the Defendants McWhorter Farms, Adkins and Lifestar. (*Id*.). As to the Defendants McWhorter Farms and Adkins, Billingsley alleged causes of action based upon negligence and/or wantonness. As to the Defendant Lifestar, Billingsley alleged that the ambulance service and/or its employees "did negligently and/or wantonly manipulate and/or transport him so as to cause and/or contribute to cause the pain and/or injuries suffered by Billingsley in the wreck made the basis of this suit." (*Id*., Count IV). As for damages, Billingsley alleged he suffered permanent injuries, property damage, medical expenses, physical pain and/or impairment, mental anguish and all other damages to which he was entitled by law. (*Id*., Count I). At or around the time the case was removed to this Court, Defendants McWhorter Farms and Adkins filed Answers with this Court wherein said Defendants specifically denied any act of negligence

and/or wantonness. Additionally, said Defendants specifically denied that Billingsley had been injured in the wreck giving rise to this suit. (See ¶¶ 9, 10, Defendants' Answers). Those same Defendants go on to allege that the injuries suffered by Billingsley were his on fault, i.e., contributory negligence. (Answer, Seventh Affirmative Defense). Accordingly, said Defendants have denied all of Billingsley's claims and, further, have specifically denied that Billingsley is entitled to <u>any</u> recovery in this case. Defendant Lifestar filed an Answer *in state court* on or about September 7, 2006, denying all claims. (Exhibit A)

### III.  ARGUMENT

#### A.  Alleged Fraudulent Joinder

Defendants McWhorter Farms and Adkins contend that Lifestar is fraudulently joined in this case. Those Defendants contend that Billingsley's complaint as relates to Lifestar does not satisfy the technical requirements of Ala. Code §6-5-551 (1975). Therefore, according to the Defendants, Billingsley's Complaint against Lifestar would be "subject to dismissal" and, therefore, Billingsley has not stated a proper claim against Lifestar.

The arguments of Defendants McWhorter and Adkins are misguided, without merit and totally lacking in legal authority. First, even if Billingsley's stated claim against Defendant Lifestar does not comply with §6-5-551, an inartful or inadequate pleading *does not* constitute fraudulent joinder. In their removal, the Defendants make no effort whatsoever to demonstrate why Billingsley does not have a valid claim against Lifestar. Nor do the Defendants make any effort to demonstrate how Billingsley's complaint is fraudulent in any way. Instead, the Defendants attempt to create a fraudulent joinder of Lifestar out of what is, at most, a technical violation of §6-5-551. There is

nothing fraudulent about an alleged or perceived technical violation of a pleading requirement. Thus, this removal must fail because it is devoid of any proof that the Plaintiff has <u>fraudulently</u> plead facts to avoid removal. Saying that Billingsley should have plead his case better is a far cry from saying he fraudulently plead facts to destroy diversity.

Second, the Defendants contend in their removal that because, allegedly, Billingsley's claim would be "subject to dismissal" under §6-5-551, then Billingsley cannot state a claim against the Defendant Lifestar. This argument is self-defeating. Assuming, *arguendo*, that Billingsley's Complaint does not comply with §6-5-551, by the very language of the statute, this means *only* that the claim is "subject" to dismissal. ***The fact that the claim would only be "subject" to dismissal necessarily means that it might not be dismissed by a state court. It must be possible, then, that a state court would find that Billingsley's Complaint properly states a cause of action against Lifestar.*** Therefore, any alleged technical insufficiency in Billingsley's pleadings as directed to Lifestar in no way supports a conclusion that Lifestar was fraudulently joined in this case.

Recently, the Eleventh Circuit addressed the issue of whether or not an insufficient pleadings constitute grounds for a finding of fraudulent joinder. In *Henderson v. Washington National Ins. Co.,* 454 F.3d 1278 (11th Cir. 2006), the plaintiff sued various defendants for fraud. The defendants contended that the plaintiff's complaint did not specifically plead tolling of the statute of limitations for the plaintiff's fraud case. Therefore, the defendants argued that one of the defendants had been fraudulently joined given that the statute of limitations would have run except for a tolling of the statute of limitations under Ala. Code §6-2-3 (1975). The court considered whether or not it was necessary under Alabama law to specifically plead facts that would trigger the tolling of the statute of limitations. After doing so, the court stated as follows:

5

> Our task is not to gauge the sufficiency of the pleadings in this case. Our inquiry is more basic: we must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient to invoke Ala. Code §6-2-3. Henderson's patchy allegations may ultimately prove insufficient, but we are unable to say there is *no possibility* she has asserted a colorable claim for tolling tolling under Ala. Code §6-2-3, whether or not pleading fraudulent concealment is required. *Id.* at 1284.

The same analysis holds true in this case. It is not the Court's duty to judge the sufficiency of the pleadings in this case. Instead, the Court must decide whether or not the Defendants, by clear and convincing evidence, have demonstrated that it would be *impossible* for a state court to find that Billingsley has stated a valid cause of action under Ala. Code §6-5-551 (1975). Any analysis of Billingsley's Complaint clearly demonstrates that his stated claims against Lifestar for negligence and/or wantonness are claims that are clearly colorable under state law and constitute valid claims against that Defendant. Further, Billingsley plead the date, time and description of the event giving rise to his claim against Lifestar. Thus, under the rationale of *Henderson*, this remand is due to be granted.

Third, §6-5-551 is not as strict as the Defendant contends. In *Mikkelsen v. Salama,* 619 So.2d 1382 (Ala. 1993), the Alabama Supreme Court has held that in order to constitute a proper pleading, a complaint under §6-5-551 must give the place, date and time of the act giving rise to the case, as well as fair notice of the event in question. The court specifically held that it is *not* necessary for a plaintiff to state each and every element of a cause of action to pass muster under §6-5-551. Instead, the question is one of fair notice. Billingsley's complaint meets the "fair notice" test set forth in *Mikkelsen*.

Finally, a finding of fraudulent joinder with regard to the Defendant Lifestar would necessarily

require this Court to dismiss Billingsley's claims against that Defendant. In other words, the Defendants McWhorter Farms and Adkins are demanding that this Court dismiss, for good, Billingsley's claims against Lifestar because of a perceived technical violation of 6-5-551. With due respect to those Defendants, such a draconian act would be unprecedented under Alabama law. There is not one (1) case known to Billinglsey under Alabama law that stands for the proposition that the proper remedy for a technical violation of §6-5-551, when a proper claim exists, is a permanent dismissal of the case. At a minimum, the Court would be required to allow the Plaintiff leave to amend the Complaint under Ala. R. Civ. P. 15 and Fed. R. Civ. P. 15 in the event the pleading was found inadequate.[1] Once accomplished, diversity would be destroyed and a remand would be required.

Because the Defendants McWhorter Farms and Adkins have completely failed to demonstrate <u>fraudulent</u> joinder of Defendant Lifestar, Billingsley's Motion to Remand is due to be granted.

### B. Amount in Controversy

Billingsley contends that Defendants McWhorter Farms and Adkins have not met their burden of demonstrating that the amount in controversy has been sufficiently satisfied in order to demonstrate the propriety of this removal. First, said Defendants contend that "this matter will more likely than not exceed the jurisdictional limits of this Court." (¶ 15, Removal Petition). However, in their official Answers to Billingsley's Complaint, those same Defendants denied that Billingsley was even injured or if Billngsley was injured, he was injured as a result of his own, unreasonable conduct.

---

[1] Billingsley contends that the form of his pleading meets the requirements of §6-5-551. At any point in this brief wherein Billingsley refers to said pleadings as "inartful", in "technical" violation of §6-5-551, etc., he does so only *arguendo*.

Thus, the Defendants McWhorter Farms and Adkins are attempting to have both sides of the bread buttered. For purposes of removal, the case is worth more than $75,000.00. However, for purposes of filing an official Answer, those same Defendants deny Billingsley was injured and, therefore, is not due one (1) penny, much less in excess of $75,000.00.

Second, the Defendants McWhorter Farms and Adkins have offered no substantive proof whatsoever as to the amount in controversy in this case. Even though this case was served upon the Defendant McWhorter Farms thirty (30) plus days ago, the undersigned counsel for Billingsley has not received one (1) telephone call from any representative of that Defendant to even request medical bills or medical records. Billingsley is relatively certain that said Defendants have absolutely no idea as to the nature or extent of his injuries, and the reason for this is that they have made no effort whatsoever to obtain this information. Accordingly, the Defendants have failed to meet their burden of demonstrating the propriety of this removal. See *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316 (11th Cir. 2001).

Finally, the alleged Alabama Jury Verdict Reporters relied upon by the Defendants are incompetent, irrelevant and inadmissible insofar as demonstrating the amount in controversy. The alleged Jury Verdict Reporters are unauthenticated, constitute hearsay and, in summary, are so totally unreliable that the Court should strike them from the record. The same holds true for Attorney Herndon's Affidavit. It is, likewise, unreliable because it contains pure hearsay and lacks any evidentiary foundation upon which the Court could deem the same reliable. Additionally, Attorney Herndon's Affidavit is not competent to authenticate the Alabama Jury Verdict Reporter when the very information included within the reporter is pure hearsay. Therefore, Attorney Herndon's Affidavit is due to be stricken from the record.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff respectfully requests that the Court grant his Motion to Remand.

                              Respectfully Submitted,

                              S/ DAVID M. COWAN
                              ASB-4957-W85D
                              *Attorney for Plaintiff*
                              **MANN, COWAN & POTTER, P.C.**
                              2000-B SouthBridge Parkway, Suite 601
                              Birmingham, Alabama 35209
                              Telephone: (205) 879-9661
                              Facsimile: (205) 879-9663
                              E-mail: David@mcplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 26th day of September, 2006, electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following and that I have served non-CM/ECF participants via U.S. mail:

| | |
|---|---|
| Steven K. Herndon, Esq.<br>Gidiere, Hinton, Herndon & Christman<br>60 Commerce Street, Suite 904<br>Post Office Box 4190<br>Montgomery, Alabama 36103 | Shane M. Oncale, Esq.<br>Clark Oncale Hair & Smith, PC<br>800 Shades Creek Parkway<br>Suite 850<br>Birmingham, Alabama 35209 |
| Thomas L. Olliver, II, Esq.<br>Carr Allison<br>100 Vestavia Parkway<br>Suite 200<br>Birmingham, Alabama 35216 | R. Keith Thomas, Esq.<br>R. Keith Thomas, L.L.C.<br>404 South Main Street<br>Post Office Box 830899<br>Tuskegee, Alabama 36083 |

                              S/ DAVID M. COWAN
                              OF COUNSEL

IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| LUTHER BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: CV 06-158 |
| ) | |
| MCWHORTER FARMS, LLC, MICHAEL L. ) | |
| ADKINS, LIFESTAR RESPONSE OF ) | |
| ALABAMA, INC. D/B/A/ CARE ) | |
| AMBULANCE, et al. ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COMES NOW Defendant LIFESTAR RESPONSE OF ALABAMA, INC. and in response to the plaintiff's complaint, states as follows:

1. Defendant admits that it is a corporate entity actively conducting business by agent within the state of Alabama, including Macon County. Defendant lacks sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 1 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

2. Paragraph number 2 of the plaintiff's Complaint pertains to fictitious parties and not to this Defendant. To the extent the allegations contained in Paragraph 2 of the plaintiff's Complaint are interpreted to apply to this defendant, those allegations are denied and Defendant demands strict proof thereof.

3. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 3 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.



4. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 4 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

5. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 5 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

6. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 6 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

7. Defendant denies the averments contained in Paragraph 7 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT ONE

8. Defendant adopts and realleges the averments contained in paragraphs 1-7 above as if set forth in full herein.

9. Defendant lacks sufficient information to admit or deny the averments contained in Paragraph 9 of the plaintiff's Complaint and, therefore, demands strict proof thereof.

10. Defendant denies the averments contained in paragraph 10 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO

11. Defendant adopts and realleges the averments contained in paragraphs 1-10 above as if set forth in full herein.

12. Defendant lacks sufficient information and knowledge to either admit or deny the averments contained in Paragraph 12 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

13. Defendant denies the averments contained in paragraph 13 of the plaintiff's Complaint and demands strict proof thereof.

## COUNT THREE

14. Defendant adopts and realleges the averments contained in paragraphs 1-13 above as if set forth in full herein.

15. Defendant lacks sufficient information and knowledge to either admit or deny the averments contained in Paragraph 15 of the plaintiff's Complaint and, therefore, those allegations are denied and Defendant demands strict proof thereof.

16. Defendant denies the averments contained in Paragraph 16 of the plaintiff's Complaint.

## COUNT FOUR

17. Defendant adopts and realleges the averments contained in paragraphs 1-16 above as if set forth in full herein.

18. Defendant denies the averments contained in Paragraph 18 of the plaintiff's Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant denies that the plaintiff's Complaint sets forth a cause of action against this defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant denies each and every material averment of the plaintiff's Complaint not previously admitted or otherwise addressed.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies that any act or omission on its part or on the part of its employees, agents or servants, caused or contributed to cause the injuries and damages alleged by the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiff were the result of an independent, superseding or intervening cause.

## FIFTH AFFIRMATIVE DEFENSE

The injuries and damages alleged by the plaintiff were caused by the acts or omissions of an unnamed third party.

## SIXTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads in defense all applicable provisions of the Alabama Medical Liability Act.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to contain the level of detail and specificity required by §6-5-551 of the Alabama Code.

## EIGHTH AFFIRMATIVE DEFENSE

Under Alabama law, the plaintiff's own contributory negligence bars his recovery in this case.

## NINTH AFFIRMATIVE DEFENSE

Under Alabama law, Plaintiff assumed the risk of his own injuries thereby barring recovery in this case.

## TENTH AFFIRMATIVE DEFENSE

Defendant denies that any act or omission on its part or the part of its agents, employees or servants rose to the level necessary to support an award of punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The award of punitive damages claimed by the plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighty and/or Fourteenth Amendments to the Constitution of the United Sates and Article 1, Section 6, and other provisions of the Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by punitive damages after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to

provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(i) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

## TWELFTH AFFIRMATIVE DEFENSE

This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* §6-11-21 (Repl. Vol 1993).

## THIRTEENTH AFFIRMATIVE DEFENSE

The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

## FOURTEENTH AFFIRMATIVE DEFENSE

Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. V. Oberg*, 114 S. Court. 2331 (1994).

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against this defendant, this award contravenes the defendant's right to Due Process under the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

With respect to the plaintiff's demand for punitive damages, this defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards as articulated in the decision of *BMW of North*

*America, Inc., v. Gore*, 646 So. 2d 619 (Ala. 1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), on remand, WL 233910 (May 9, 1997).

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by the plaintiff in this lawsuit, constitutes a violation of the due process clause of the Constitution of the United States, under the authority of **BMW of North America, Inc., v. Gore,** 646 So.2d 619 (Ala.1984), judgment vacated, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996), on remand, WL 233910 (May 9, 1997). The allegations made by the plaintiff in this action, and the plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant so as to deprive it of due process of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant avers that the 1993 decision of **Henderson v. Alabama Power Company**, 626 So.2d 878, declaring Section 6-11-21, **Code of Alabama**, 1975 unconstitutional is not the law of the State of Alabama and the cap on punitive damages in the amount of $250,000 contained in that statute is the law of the State of Alabama.

### NINETEENTH AFFIRMATIVE DEFENSE

Alabama law regarding joint and several liability of defendants is constitutionally void as to the defendant and as applied to the facts and circumstances in this case in that:

(a) It operates to create an arbitrary capacious method and manner for the jury's assessment and determination of damages without regard to the quality and the quantity of the culpability of other defendants joined in one action.

(b) It operates to deny this defendant a fair opportunity to have the jury assess

damages based on this defendant's own culpability for negligence and/or wantonness, which cannot be segregated from allegations of negligence and/or wantonness against other defendants joined as one in this action.

    (c)    That in failing to provide for joint contribution and apportionment of damages among defendants:

    (1)    It deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendment of the Constitution of the United States and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law: and

    (2)    Separately, it deprives this defendant of property without due process of law contrary to Article I, Section Six of the Constitution of the State of Alabama providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that plaintiffs are not entitled to recover in this case against this defendant for damages based on the evidence of negligence and wantonness of other defendants.

That it denies this defendant the equal protection of law contrary to the Fourteenth Amendment of the Constitution of the United States of America and specifically contrary to that portion of said Fourteenth Amendment proscribing any state from denying "to any person within its jurisdiction equal protection of the laws" in that joint and several liability under Alabama law discriminates against this defendant in favor of other defendants guilty of negligence and/or wantonness.

That the failure of Alabama law regarding joint and several liability is unconstitutional for its failure to make provisions for the imposition of one assessment of damages against all joint tortfeasors, despite differing degrees of culpability and wrongdoing, unreasonably acts to

establish a classification against these defendants for acts of negligence and/or wantonness it did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and provisions of the Constitution of the State of Alabama, which requires the State to afford all persons equal protection under the law.

## TWENTIETH AFFIRMATIVE DEFENSE

The Alabama Wrongful Death Statute codified as §6-5-410, Code of Alabama, 1975 is constitutionally void as to this defendant and as applied to the facts and circumstances of this case in that:

(a) It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages without regard to the quality and the quantity of the culpability of other defendants joined in one action.

(b) It operates to deny this defendant a fair opportunity to have the jury assess damages based on this defendant's own culpability for negligence and/or wantonness, which cannot be segregated from allegations of negligence and/or wantonness against other defendants joined as one in this action.

(c) That in failing to provide for joint contribution and apportionment of damages among defendants:

(1) It deprives this defendant of property without due process of law contrary to the Fifth and Fourteenth Amendments of the Constitution of the United States and specifically to those portions thereof prohibiting any state from depriving any person or property without due process of law; and,

(2) Separately, it deprives this defendant of property without due process of law contrary to Article I, Section Six of the Constitution of the State of Alabama providing insofar as here germane that no person shall be deprived of property except by due process of law with the result that plaintiff is not entitled to recover in this case against this defendant for damages based on the evidence of negligence and/or wantonness of other defendants.

**DEFENDANT DEMANDS TRIAL BY JURY**

/s/ signature

SHANE M. ONCALE (ASB-8108-N77S)
Attorney for Defendant Lifestar Response of Alabama, Inc.

OF COUNSEL:

Clark Oncale Hair & Smith, PC
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209
(205) 397-2900

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 6th day of September, 2006, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing same in the U. S. Mail properly addressed and first-class postage prepaid to:

| | |
|---|---|
| David M. Cowan<br>MANN, COWAN & POTTER, P.C.<br>2000-B SouthBridge Parkway<br>Suite 601<br>Birmingham, AL 35209 | McWhorter Farms, LLC<br>c/o Jesse M. Stockton, Jr.<br>111 A W. Jefferson Street<br>Albany, NY 42602 |
| R. Keith Thomas<br>404 South Main Street<br>PO Box 830899<br>Tuskegee, Alabama 36083 | Michael Adkins<br>203 West Harper Lane<br>Albany, KY 42602 |

/s/ signature

OF COUNSEL