IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LUTHER L. BILLINGSLEY,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**McWHORTER FARMS, LLC; MICHAEL L.** )<br>**ADKINS; LIFESTAR RESPONSE OF** )<br>**ALABAMA, INC, D/B/A CARE** )<br>**AMBULANCE, et al.,** )<br>)<br>Defendant. ) | **CIVIL ACTION NO: CV 3:06 CV 795-WKW** |

**REPLY TO THE PLAINTIFF'S OBJECTION TO
LIFESTAR RESPONSE OF ALABAMA, INC.'S MOTION TO DISMISS**

COMES NOW the Defendant, **Lifestar Response of Alabama, Inc.**, (hereinafter "Lifestar"), and replies to the Plaintiff's Objection to the Defendant's Motion to Dismiss as follows:

1.　The Plaintiff contends in his objection that because Lifestar filed an Answer[1] in the Circuit Court of Macon County, Alabama, Lifestar's "Motion to Dismiss filed in this Court is improper and should be denied in whole." (Pl.'s Obj. Mot. Dismiss ¶ 1). This argument is incorrect. The First Affirmative Defense in Lifestar's Answer calls for the dismissal of the Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Additionally, the Seventh Affirmative Defense in Lifestar's Answer avers that the Plaintiff's Complaint fails to contain the level of detail and specificity required by Ala. Code § 6-5-551. Because Lifestar specifically pled and preserved

---

[1] Notably, the undersigned counsel did not file Lifestar's Answer in the Circuit Court of Macon County, Alabama. Another law firm, presumably retained by Lifestar's auto carrier instead of Lifestar's CGL carrier, filed that Answer. That is perhaps the best evidence that the Plaintiff's Complaint failed to specify a cause of action under the AMLA in accordance with 6-5-551, i.e., the Plaintiff's Complaint is so ambiguous, Lifestar's carriers could not discern from the face of the Complaint under which policy there might be coverage for the Plaintiff's vague claims.

-1-

§ 6-5-551 as a defense in the Answer, that defense is not waived and is entirely consistent with the position taken by Lifestar in this Court.  Put differently, even if this Court assumed, without deciding, that remand is proper, Lifestar has preserved the inadequacy of the Plaintiff's Complaint under § 6-5-551 as a defense.  For these reasons, the Plaintiff's first objection is without merit.

       2.     The Plaintiff's alternative objection is that his Complaint met the requirements of § 6-5-551.  To bolster this position, the Plaintiff contends that because he pled the location, date, and time of the event, he met the requirements of § 6-5-551.  However, just because the Plaintiff pled the date and location of an automobile accident does not mean that he sufficient pled a case for malpractice under the Alabama Medical Liability Act.  Section 6-5-551 required the Plaintiff to include in his Complaint **"a detailed specification and factual description of each act and omission alleged to render the health care provider liable."**  Nowhere in the four (4) coroners of the Plaintiff's Complaint is there a detailed description of what Lifestar's paramedics did, or did not do, so as to breach the applicable standard of care.  Indeed, the Plaintiff does not even allege that Lifestar's paramedics breached the standard of care followed by similarly situated healthcare providers (paramedics).  The Complaint states that Lifestar's paramedics "attended to and/or transported [the Plaintiff] in such a way" to cause him injury. (Compl. ¶ 7).  Such broad allegations do not, in any manner, pinpoint how or if Lifestar's paramedics breached the standard of care.  Did Lifestar's paramedics fail to provide proper wound care?  Did they administer the wrong medications?  Did they strike a tree with the ambulance or hit a pot hole in route to the hospital?  The point is, the Plaintiff's Complaint does not even come close to satisfying the pleading requirement of § 6-5-551, which requires the Plaintiff to plead "a detailed specification and factual description of each act and omission" indicating that Lifestar's paramedics breached the standard of care to which they are held by those rendering similar services in their community.  Because the Plaintiff's Complaint is insufficient under § 6-5-551, dismissal is proper.

3.    Finally, the Plaintiff contends that should the Court decide that his Complaint failed to meet the requirements of § 6-5-551, his Complaint should not be dismissed but, rather, he should be given leave to amend his Complaint to cure the defect. True, this Court could grant the Plaintiff leave to amend. However, the elephant in the courtroom is the fraudulent joinder alleged by Lifestar's co-defendants. The issue of whether the Plaintiff failed to meet the requirements of § 6-5-551 is inextricably tied to the issue of fraudulent joinder. Thus, the question becomes, did the Plaintiff allege a sufficient cause of action against a resident defendant ***at this juncture of the litigation***? Because the Plaintiff did not do so, the Court can, and should, dismiss the case against Lifestar and retain jurisdiction over the diverse parties.

WHEREFORE, PREMISES CONSIDERED, Lifestar respectfully requests that this Honorable Court enter an Order dismissing all claims against Lifestar for lack of specificity as required by ALA. CODE § 6-5-551.

s/ Thomas L. Oliver, II
Thomas L. Oliver, II (OLI013)
Lea Richmond, IV (RIC062
Attorneys for Defendant Lifestar Response of Alabama, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone:    (205) 822-2006
Facsimile:    (205) 822-2057

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 2, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

David M. Cowan, Esq.
**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
**R. KEITH THOMAS, L.L.C.**
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

Steven K. Herndon, Esq.
**GIDIERE, HINTON, HERNDON & CHRISTMAN**
P.O. Box 4190
Montgomery, Alabama 36103

Shane Oncale, Esq.
**CLARK, DOLAN, MORSE, ONCALE & HAIR, P.C.**
Suite 850
800 Shades Creek Parkway
Birmingham, Alabama 35209

              s/ Thomas L. Oliver, II
              OF COUNSEL