IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUTHER L. BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:06-cv-795-WKW |
| ) | |
| MCWHORTER FARMS, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S REPLY BRIEF

COMES NOW the Plaintiff, Luther L. Billingsley (hereinafter "Billingsley"), who responds as follows to the Defendant McWhorter Farms, LLC (hereinafter "McWhorter") and Michael L. Adkins' (hereinafter "Adkins") Brief in Opposition to Plaintiff's Motion to Remand.[1]

1.   In their opposition brief, Defendants McWhorter and Adkins have requested that this Court undertake a microscopic analysis of Billingsley's Complaint in order to determine whether or not it meets the technical requirements of Ala. Code § 6-5-551 (1975). In doing so, McWhorter and Adkins have chosen to completely ignore direct Eleventh Circuit precedent as found in *Henderson v. Washington National Ins. Co.*, 455 F.3d 1278 (11th Cir. 2006). This is true even though Billingsley discussed *Henderson* in detail in his Motion to Remand. The mandate from *Henderson* is that courts are not to gauge the sufficiency of a given pleading even when underlying pleading requirements are very stringent in nature.[2] Instead, the court's inquiry is strictly limited to deciding whether or not

---

[1] Because the issues are the same, Plaintiff Billingsley adopts this Reply Brief as additional authority in opposition to the Motion to Dismiss filed by Defendant Lifestar.

[2] *Henderson* involved a claim for fraud. Ala. R. Civ. P. 9(b) requires all allegations of fraud to be made with particularity.

an Alabama court could possibly find that a given complaint is sufficient to invoke a colorable cause of action. The Eleventh Circuit plainly stated in *Henderson* that remand is required even in circumstances where a complaint contains "patchy allegations [that] may ultimately prove insufficient . . . ." *Id.* at 1284.

Assuming, *arguendo*, that Billingsley's allegations against Lifestar are deemed "patchy", remand is still required by *Henderson* for the following reasons. First, Billingsley has pled colorable state law claims against Lifestar, to wit: negligence and wantonness. Second, in addition to clearly describing the causes of action being pursued, Billingsley gave Lifestar fair notice of the allegations against it by providing the date, time and location of the events giving rise to the suit. Third and finally, even if Billingsley's Complaint against Lifestar does not satisfy the technical requirements of § 6-5-551, by the very language of that statute, the Complaint would only be "subject" to dismissal. It is possible that Billingsley "could establish a cause of action" against Defendant Lifestar. *Brooks v. Paulk and Cope, Inc.,* 176 F.Supp.2d 1270, 1273 (M.D. Ala. 2001) Accordingly, Billingsley's Motion to Remand is due to be granted.[3]

In addition to the above, Billingsley contends that the actual test to be applied in this case is as is set forth in *Chicago, Rock Island and Pacific Ry. Co. v. Schwyhart,* 227 U.S. 184, 193 (1913):

> Again, the motive of the plaintiff [in joining the non-diverse Defendant], taken by itself, does not affect the right to remove. If there is a joint liability, ***he has an absolute right to enforce it***, whatever the reason that makes him which to assert the right. ... [T]he showing must be such as compels the conclusion that the joinder ***is without right.*** *(see also, Triggs v. John Crump Toyota, Inc.*, 154 F.3d

---

[3]The refusal by Defendants McWhorter and Adkins to address the precedent of *Henderson* is significant. At a minimum, the Defendants' silence on *Henderson* should be viewed as a tacit admission that a denial of Billingsley's Motion to Remand and the mandate of *Henderson* cannot be reconciled.

1284 (11th Cir.1998).

The Defendants have not even made an effort to demonstrate how Billingsley allegedly has no right to join Defendant Lfestar in this action.

2. Defendants McWhorter and Adkins' reliance upon and emphasis on *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180 (S.D. Ala. 2006) is misplaced. First and foremost, *Betts* was decided before *Henderson, supra.* Thus, the court in *Betts* did not have the governing mandate as set forth in *Henderson* at the time it issued the *Betts* decision. Second, even though the court did not have the benefit of the *Henderson* decision, it ultimately concluded that the plaintiff's motion to remand was due to be granted. The primary reason for the court's decision in *Betts* was that the plaintiff's complaint gave the defendant "fair notice" of the claims against him. Ala. Code § 6-5-551 has been interpreted by the Alabama Supreme Court as requiring only that the defendant be given "fair notice" of the plaintiff's allegations. *Mikkelsen v. Salama*, 619 So.2d 1382, 1384 (Ala. 1993). The *Betts* decision re-affirmed the reasoning and logic of *Mikkelsen* by acknowledging that in assessing the validity of a complaint for medical negligence under Alabama law, the Alabama Supreme Court's focus has always been "on fair notice rather than technical precision . . . ." 435 F. Supp. 2d at 1189. Third, *Betts* granted the motion to remand even though the plaintiff made mutually exclusive allegations against the defendants in the case. Billingsley has not made any such exclusive claims in this case.

3. The very essence of the doctrine of fraudulent joinder is fraud. The concept has been described as "the joinder of a resident defendant against whom a plaintiff has no possibility of establishing a cause of action." *Brooks, supra,* at p. 1275. In this opinion, Judge Albritton did not require that the plaintiff have firmly established a cause of action at the time of the filing of the

complaint and/or removal to order a remand of the action. Clearly, his opinion contemplates whether it was possible that a plaintiff would ever establish such cause of action against the non-diverse Defendant. Judge Albritton ordered a remand in *Brooks* because "there is nothing in the record which would indicate that the Plaintiffs do not intend to seek a judgment against all of the Defendants." *Id.* at p. 1277. In this case, Defendants McWhorter and Adkins have made the unsupported argument that Plaintiff Billingsley does not intend to pursue his claim against Lifestar because his complaint, allegedly, does not comply with § 6-5-551. *There is a great chasm between alleged insufficient pleading and a plaintiff that is not going to pursue a judgment against a named defendant. Yet, these Defendants have requested this Court make a quantum leap without offering any support whatsoever for that conclusion!*

    It is worthy to note in this case that the <u>only</u> parties accusing Billingsley and/or his counsel of committing a fraud upon the Court are the Defendants McWhorter and Adkins. Although it has had more than ample opportunity to do so, the Defendant Lifestar (the alleged fraudulently joined Defendant) has made no such allegation in this case. Instead, the emphasis of Lifestar's pleadings in this case has been that it should be dismissed from the case solely because of an alleged technical violation of § 6-5-551. One would think that if Defendant Lifestar was <u>fraudulently</u> included as a Defendant in this case, it would have filed some request under the Alabama Litigation Accountability Act, Ala. R. Civ. P. 11 and/or Fed. R. Civ. P. 11. At a minimum, Defendant Lifestar would have made some "legal noise" if there was truly no valid claim to be made by Billingsley against it. Instead, all Defendant Lifestar has done is file a motion to dismiss in this Court that is premised upon an alleged technical violation of § 6-5-551, and it has filed a general answer in state court. ***The absolute refusal of Defendant Lifestar to consider itself fraudulently joined as a Defendant in this case***

*should call into severe question Defendant McWhorter and Adkins' allegation of fraudulent joinder.*

4. Since the filing of the instant removal, counsel for Billingsley has attempted (without success) to find a case whereby the Alabama Medical Liability Act has been applied to ambulance personnel. Given the absence of any known case law that the Act applies to ambulance personnel (which Billingsley does *not* admit) and, therefore, that complaints against them must comply with § 6-5-551, it would seem extreme for any court to consider dismissing the complaint against Defendant Lifestart for an alleged lack of technical compliance with the Act. This is especially true when the Defendants are charged with the burden of demonstrating that the complaint against Lifestar is fraudulent. The undersigned counsel freely admits that at the time this case was filed, no thought was given to the potential applicability of the Alabama Medical Liability Act. The reason is that Billingsley was injured by Defendant Lifestar personnel while they were lifting him into the ambulance and *not* when they were rendering any medicinal or therapeutic care. (*See* proposed Amended Complaint.) No case law known to Billingsley required any such analysis. Nevertheless, any non-assessment of the applicability of the Alabama Medical Liability Act by Billingsley is *not fraudulent joinder!*

5. As stated above, Billingsley contends that the allegations in his Complaint against Defendant Lifestar are sufficient to comply with Alabama law. However, given that the Defendants McWhorter and Adkins have made serious and scandalous accusations against Billingsley and his counsel of "frivolous" conduct (presumably in violation of ARCP 11) in this case, the Plaintiff Billingsley proposes this amendment so as to demonstrate to the Court that he, indeed, has valid and well-grounded causes of action that he intends to pursue against the Defendant Lifestar.

WHEREFORE, PREMISES CONSIDERED, for the reasons stated herein, Plaintiff Luther Billingsley's Motion to Remand is due to be granted.

Respectfully Submitted,

s/ David M. Cowan
ASB-4957-W85D
*Attorney for Plaintiff*
**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-mail: David@mcplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this the 31st day of October, 2006, electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following and that I have served non-CM/ECF participants via U.S. mail:

Steven K. Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Suite 904
Post Office Box 4190
Montgomery, Alabama 36103

Thomas L. Olliver, II, Esq.
Carr Allison
100 Vestavia Parkway
Suite 200
Birmingham, Alabama 35216

Shane M. Oncale, Esq.
Clark Oncale Hair & Smith, PC
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

s/ David M. Cowan
OF COUNSEL