IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CASE NO.: 3:06-cv-795-WKW

LUTHER L. BILLINGSLEY,

                        Plaintiff,

v.

MCWHORTER FARMS, LLC; MICHAEL L. ADKINS; LIFESTAR RESPONSE OF ALABAMA, INC. D/B/A CARE AMBULANCE; **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's motor vehicle and whose negligence caused the Plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**,

whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties Defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties Defendant is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identities as proper parties Defendant is not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

Defendants.

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, Luther L. Billingsley (hereinafter "Billingsley"), who hereby amends his original Complaint as follows:

1. Billingsley adopts and realleges all claims, demands and averment as are set forth in the original Complaint against the Defendants McWhorter Farms, LLC, Michael Adkins and Defendants Nos. 1-20. (Exhibit A).

2. As to the Defendant Lifestar Response of Alabama, Inc. d/b/a Care Ambulance and/or Defendants Nos. 1 through 20, Billingsley states that on or about, to wit: March 14, 2006, Plaintiff Billingsley was involved in a motor vehicle accident at or near the intersection of Interstate 85 and County Road 97 in Macon County, Alabama. Following said accident, various but unknown employees of the Defendant Lifestar and/or Defendants Nos. 1 through 20 arrived on the scene in

order to provide ambulance transport service to those involved. Said ambulance personnel attempted to place Billingsley on a cot for transport in said ambulance. However, during this process, said employees of Defendant Lifestar and/or Defendants Nos. 1-20 dropped Plaintiff Billingsley and, otherwise, allowed Mr. Billingsley to fall. By dropping Plaintiff Billingsley and/or allowing him to fall, Billingsley asserts that the employees of Lifestar and Defendants Nos. 1 through 20 breached the applicable standard of care with regard to properly securing a patient for transport by ambulance. Said standard would naturally require that preparations for transport by ambulance be made without dropping a patient and/or allowing him to fall. Said acts as are described above caused and/or contributed to cause an increase in Billingsley's pain symptoms and/or caused or contributed to cause physical injuries to his neck, back and/or spine in general.

## COUNT V

3. Billingsley adopts and realleges all preceding paragraphs.

4. Billingsley avers that the above described conduct on the part of Defendant Lifestar and/or Defendants Nos. 1 through 20 constitutes negligence and/or wantonness. More particularly, Billingsley states that the employees of said Defendants did negligently and/or wantonly violate the applicable standard of care with regard to properly preparing patients for transport by ambulance. Said standard would require such preparation to be conducted in a manner and method where Plaintiff Billingsley was not dropped and/or allowed to fall. Said employees of the above described Defendants did allow Billingsley to fall and, in doing so, caused and/or contributed to cause the pain and/or injuries suffered by Billingsley in the wreck giving rise to this suit.

5. As a direct and proximate result of the above described conduct, Billingsley

was injured and damaged as follows:

    (a)    physical pain;

    (b)    mental anguish;

    (c)    physical injuries; and

    (d)    Billingsley claims all injuries and damages as are set forth in the original Complaint.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment against each of the Defendants McWhorter Farms, LLC, Lifestar Response of Alabama, Inc. D/b/a Care Ambulance and Defendnats Nos. 1-20, jointly, seperately and severally, for such compensatory and punitive damages as a jury may assess after and fair and accurate consideration of the facts made the basis of this suit.

Respectfully Submitted,

s/ David M. Cowan
ASB-4957-W85D
*Attorney for Plaintiff*
**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663
E-mail: David@mcplaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I have on this the 31st day of October, 2006, electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send notification of such filing to the following and that I have served non-CM/ECF participants via U.S. mail:

Steven K. Herndon, Esq.
Gidiere, Hinton, Herndon & Christman
60 Commerce Street, Suite 904
Post Office Box 4190
Montgomery, Alabama 36103

Thomas L. Olliver, II, Esq.
Carr Allison
100 Vestavia Parkway
Suite 200
Birmingham, Alabama 35216

Shane M. Oncale, Esq.
Clark Oncale Hair & Smith, PC
800 Shades Creek Parkway
Suite 850
Birmingham, Alabama 35209

R. Keith Thomas, Esq.
R. Keith Thomas, L.L.C.
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083

            s/ David M. Cowan
            OF COUNSEL



**IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA**

CIVIL ACTION NO. CV-06-158

LUTHER L. BILLINGSLEY,

         Plaintiff,

v.

MCWHORTER FARMS, LLC; MICHAEL L. ADKINS; LIFESTAR RESPONSE OF ALABAMA, INC. D/B/A CARE AMBULANCE; **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's motor vehicle and whose negligence caused the Plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;

**No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties Defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties Defendant is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identities as proper parties Defendant is not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained,

Defendants.

**COMPLAINT**

1. The Plaintiff, Luther L. Billingsley (hereinafter "Billingsley") is over the age of nineteen (19) years and is a resident citizen of the State of Alabama. The Defendant McWhorter Farms, LLC (hereinafter "McWhorter") is a corporate entity actively conducting business by agent within the State of Alabama, including Macon County. The Defendant Michael L. Adkins (hereinafter "Adkins") was, at the time of the incident made the basis of this suit, actively conducting business on behalf of McWhorter within the state of Alabama, including Macon County. The Defendant Lifestar Response of Alabama Inc. d/b/a Care Ambuance (hereinafter "Lifestar") is a corporate entity actively conducting business by agent within the State of Alabama, including Macon County.

2. Fictitious Defendants are described as follows: **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiff's motor vehicle and whose negligence

caused the Plaintiff's injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiff's motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiff's motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or

plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiff's injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties Defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities

other than those entities described above, which was the predecessor corporation of any of the entities described above. Plaintiff avers that the identities of the fictitious parties Defendant is otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time their identities as proper parties Defendant is not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

3. Billingsley avers that all acts which form the basis of this Complaint occurred within two (2) years of the filing thereof. Additionally, Billingsley alleges that all damages that resulted from the wrongful conduct as is described herein occurred in Macon County, Alabama.

4. Billingsley avers that all claims, demands and averments as are set forth in the body of this Complaint are pled in full accordance with the Alabama Rules of Civil Procedure.

5. Billingsley avers that at all times as are set forth herein, the Defendant Adkins was acting as employee, agent and/or representative of the Defendant McWhorter. In accordance herewith, Billingsley pleads the doctrines of *respondeat superior*, principle-agent and/or master-servant.

6. On or about, to wit: March 14, 2006, Defendant Adkins was operating a freight truck on behalf of Defendant McWhorter at or near the intersection of I-85 and Country Road 97 in Macon County, Alabama. At said time, the Defendant Adkins negligently and/or wantonly caused or allowed said vehicle to collide with a motor vehicle being driven by Billingsley. Said negligent and/or wanton conduct was a proximate cause of Plaintiff's injuries and damages hereinafter described. At the aforesaid time and place, the Defendant, McWhorter, was the owner of and had the right of control over the use of the motor vehicle driven by the Defendant, Adkins.

7. Following the accident made the basis of this suit, the Plaintiff Billingsley was

attended to by ambulance personnel employed by Defendant Lifestar. During the time said Billingsley was being attended to by said employees of Lifestar, Billingsley was attended to and/or transported in such a way so as to cause and/or contribute to cause the pain and/or injuries that were suffered by Billingsley in the wreck made the basis of this suit.

## COUNT I

8. Billingsley adopts and realleges all preceding paragraphs.

9. Billingsley avers that the above described conduct on the part of Defendant Adkins and/or Defendants Nos. 1 through 20 constitutes negligence and/or wantonness.

10. As a direct and proximate result of the above described conduct, Billingsley has or will suffer the following:

    (a)    past, present, future and/or permanent injuries;

    (b)    property damage;

    (c)    medical expenses;

    (d)    physical pain, impairment, disfigurement, scarring and/or injury;

    (e)    mental anguish; and

    (f)    all other damages to which Billingsley is entitled by law to maintain.

## COUNT II

11. Billingsley adopts and realleges all preceding paragraphs.

12. Billingsley avers that at the time of the incident made the basis of this suit, Defendant Adkins was the servant, agent, employee and/or representative of the Defendant McWhorter and/or

Defendants Nos. 1 through 20. Further, Billingsley avers that at the time of the incident made the basis of this suit, Defendant Adkins was subject to the authority and/or control of the Defendant McWhorter and/or Defendants Nos. 1 through 20. Accordingly, Billingsley avers that said Defendant McWhorter and/or Defendants Nos. 1 through 20 are responsible for any and all injuries or damages caused by the conduct described herein of Defendant Adkins.

13. As a direct and proximate result of the above described conduct, Billingsley has been injured as is set forth above.

### COUNT III

14. Billingsley adopts and realleges all preceding paragraphs.

15. Billingsley avers the Defendant McWhorter and/or Defendants Nos. 1 through 20 did negligently and/or wantonly entrust the vehicle being driven by Defendant Adkins to him at the time of the incident made the basis of this suit. Said Defendant McWhorter and/or Defendants Nos. 1 through 20 knew or should have known that said Defendant Adkins was unfit and/or unqualified to operate said vehicle at the time of the incident made the basis of this suit.

16. As a direct and proximate result of the above described conduct, Billingsley claims all damages described above.

### COUNT IV

17. Billingsley adopts and realleges all preceding paragraphs.

18. Billingsley avers that the above described conduct on the part of Defendant Lifestar and/or Defendants Nos. 1 through 20 constitutes negligence and/or wantonness. More particularly,

Billingsley states that said Defendant and/or its employees did negligently and/or wantonly manipulate and/or transport him so as to cause and/or contribute to cause the pain and/or injuries suffered by Billingsley in the wreck made the basis of this suit.

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment against each of the Defendants, jointly and severally for such compensatory and punitive damages as a jury may assess after and fair and accurate consideration of the facts made the basis of this suit.

_____
DAVID M. COWAN

OF COUNSEL:

**MANN, COWAN & POTTER, P.C.**
2000-B SouthBridge Parkway
Suite 601
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile: (205) 879-9663

_____
R. KEITH THOMAS

OF COUNSEL:

**R. Keith Thomas, L.L.C.**
404 South Main Street
Post Office Box 830899
Tuskegee, Alabama 36083
Telephone: (334) 724-0035

### JURY DEMAND

Plaintiff hereby demands a trial by struck jury.

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS:**

3010 Alabama Hwy. 14 West
Auburn, Alabama 36830

**DEFENDANT'S ADDRESS:**

McWhorter Farms, LLC
c/o Jesse M. Stockton, Jr.
111A W. Jefferson St.
Albany, KY 42602

Michael L. Adkins
203 West Harper Lane
Albany, KY 42602

Lifestar Response of Alabama, Inc.
d/b/a Care Ambulance
c/o Dell Gamble
625 8th Place
Phenix City, AL 36867

**PLEASE SERVE THE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL.**