IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LUTHER L. BILLINGSLEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:06-cv-795-WKW |
| | ) |
| MCWHORTER FARMS, LLC; | ) |
| MICHAEL L. ADKINS; | ) |
| LIFESTAR RESPONSE OF | ) |
| ALABAMA, INC. d/b/a CARE | ) |
| AMBULANCE, et al., | ) |
| | ) |
| Defendants. | ) |

RESPONSE TO PLAINTIFF'S MOTION TO STRIKE ADKINS' AFFIDAVIT

COME NOW, the defendants McWhorter Farms, LLC ("McWhorter Farms") and Michael Adkins, and in compliance with this Court's show cause order dated November 17, 2006, hereby submit this response to the Plaintiff's Motion to Strike Affidavit (Doc. # 26). In support thereof these defendants state as follows:

1. This matter is before the Court on the very straightforward issue as to whether this Court has diversity jurisdiction over Billingsley's complaint against McWhorter Farms and truck driver Michael Adkins. That question can be resolved without consideration of Billingsley's post-removal proposed amended complaint or the defendant Adkins' affidavit filed as part of the response to Billingsley's Motion for Leave and proposed Amended Complaint.

2. As this Court knows, McWhorter Farms and Adkins removed this action to this Court based upon diversity jurisdiction on the grounds that Billingsley's state court

pleading, at the time of removal, states no colorable claim against fraudulently joined Care Ambulance. Billingsley filed a Motion to Remand contending otherwise. In conjunction with his Reply Brief (Doc. # 21), Billingsley also filed a Motion For Leave to Amend Complaint (Doc. # 22) and a proposed Amended Complaint (Doc. # 23) seeking to assert a medical malpractice claim in accordance with the controlling statute for such actions, the Medical Liability Act and Alabama Code § 6-5-551. (Doc # 23 , ¶2-5). McWhorter Farms and Adkins filed an Opposition To Plaintiff's Motion For Leave To Amend Complaint and Proposed Amended Complaint (Doc. #25) which included the Adkins affidavit Billingsley now seeks to strike.

3. As demonstrated first in the defendants' Brief In Opposition To Plaintiff's Motion to Remand (Doc. # 20, p. 2) and then again in the defendants' Opposition to Plaintiff's Motion For Leave to Amend Complaint and Proposed Amended Complaint (Doc # 25, pp. 2-3), the law instructs that whether a defendant has been fraudulently joined <u>must be</u> determined based upon the plaintiff's state court pleadings at the time of removal. *See also, Sims v. Char-Broil*, 2006 U.S. Dist. LEXIS 48111 (M.D. Ala. 2006)(the standard is whether there is a possibility that the plaintiff has stated a valid cause of action in the complaint). Furthermore, when there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged in the state court pleading, then the claim is deemed fraudulent, and it is appropriate for the court do dismiss the resident defendant. *Tedder v. F.M.C. Corp.*, 590

2

F.2d 1115, 1116 (5th Cir. 1979)[1]; *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001). Accordingly, as thoroughly explained in the defendants' Opposition to Plaintiff's Motion For Leave to Amend Complaint and Proposed Amended Complaint (Doc # 25), Billingsley's motion for leave to amend complaint and proposed amended complaint is not relevant to the Court's subject matter determination, and Billingsley's request should be denied and stricken, and the Court need not go further in determining that it has subject matter jurisdiction.[2]

    4.    Out of an abundance of caution and not knowing whether this Court would desire further analysis as to whether it should allow a post-removal proposed Amended Complaint which sought to destroy existing diversity jurisdiction, McWhorter Farms and Adkins' Opposition to Plaintiff's Motion for Leave To Amend Complaint and Proposed Amended Complaint also articulated why the Court should not properly recognize diversity jurisdiction and then permit a post-removal amendment to destroy jurisdiction. (Opposition To Plaintiff's Motion for Leave To Amend Complaint and Proposed Amended Complaint, Doc. # 25, pp. 6-10). Without reiterating the arguments outlined in that section of the defendants' submission, McWhorter and Adkins demonstrate that the

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Billingsley's proposed Amended Complaint is not only irrelevant to the Court's subject matter determination made at the time of removal, but it should be dismissed because it also fails to comply with M.D. Ala. L.R. 15.1 which provides that an amendment must reproduce the entire pleading and may not incorporate any prior pleading by reference. If the untimely and deficient amendment were allowed then McWhorter and Adkins should be dismissed with <u>prejudice</u> because the proposed amendment states no claim against these defendants.

3

applicable law provides for a jurisdictional determination at the time of removal, and there has been no sufficient reason shown why an amendment should not be allowed to destroy the non-resident defendants' right to remove. *See, Bolling v. Union Nat. Life Ins. Co.*, 900 F.Supp. 400, 405 (M.D. Ala. 1995) (explaining that federal courts should be cautious lest they erroneously deprive defendants of the right to a federal forum). In conjunction with its analysis of this second issue, McWhorter Farms and Adkins submitted the affidavit of Michael Adkins to show that the proposed amendment is not only improper but also without factual support. Billingsley seeks to strike this affidavit asserting that it is fraudulent.

5.   While this Court need not reach the proposed Amended Complaint or the affidavit because jurisdiction is determined at the time of removal, McWhorter Farms and affiant Michael Adkins stand by the affidavit, should the Court determine that analysis of the second issue is appropriate.[3] The affidavit is made under oath and is properly notarized, and there is no basis to strike it. In addition, there is nothing inconsistent with Adkins' affidavit and the Care Ambulance report because Billingsley can climb up into the ambulance and still go from ground to cot. All of that aside, the Court does not have to reach the proposed Amended Complaint or affidavit to properly conclude that it has subject matter jurisdiction over the claims against McWhorter and Adkins.

---

[3]   Should this Court be interested for any reason in the truthfulness of the proposed amendment or the Adkins affidavit, then McWhorter and Adkins stand ready to appear before the Court or to conduct any limited discovery the Court deems appropriate from Billingsley, these defendants or the Care Ambulance paramedics.

6. McWhorter Farms and Adkins request this Court to dismiss Care Ambulance, even without prejudice (as there is no statute of limitation issue in this case). Billingsley is now seeking to assert a medical malpractice claim against Care Ambulance because the original state court pleading states no possible claim against Care Ambulance. These defendants rightly removed this action to federal court based upon diversity jurisdiction and whether this Court has subject matter jurisdiction is not a matter of gamesmanship. *See, Robinson v. GE Capital Mortgage Services, Inc.*, 945 F.Supp. 1516, 1518 (M.D. Ala. 1996) ("[w]hether a case is removable to federal court should not be a matter of gamesmanship"). McWhorter Farms and Adkins respectfully request this Court to deny the Motion to Remand (Doc. # 10), deny and strike the Motion for Leave to Amend Complaint and First Amended Complaint (Doc. # 22 and # 23), and deny the Motion to Strike Affidavit (Doc. # 26).

Respectfully submitted,

STEVEN K. HERNDON - HER028
Attorney for Defendants
McWhorter Farms, LLC and
Michael L. Adkins

OF COUNSEL:
Gidiere, Hinton, Herndon & Christman
P. O. Box 4190
Montgomery, AL 36103
Telephone: (334) 834-9950
Fax: (334) 834-9950
steve@ghhclaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 27th day of November, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of each filing to the following:

Mr. David M. Cowan
Mann, Cowan & Potter, PC
2000-B SouthBridge Parkway/ Ste. 601
Birmingham, AL 35209
(205) 879-9661
Email: david@mcplaw.com

Mr. Thomas L. Oliver, II
Carr Allison, PC
100 Vestavia Parkway
Birmingham, AL 35216
(205) 949-2942
Email: tlo@carrallison.com

Mr. R. Keith Thomas
R. Keith Thomas, LLC
P.O. Box 830899
Tuskegee, AL 36083
(334) 724-0035
Email: ktatty@bellsouth.net

Mr. Shane Oncale
Clark, Dolan, Morse, Oncale & Hair, PC
800 Shades Creek Parkway/ Ste. 850
Birmingham, AL 35209
(205) 397-2900
Email: soncale@cohslaw.com

_____
Steven K. Herndon