IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LUTHER L. BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-795-WKW |
| | ) | |
| MCWHORTER FARMS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Plaintiff's Motion to Remand (Doc. # 10) this action to state court. For the reasons that follow, the motion is due to be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

On March 14, 2006, Luther L. Billingsley ("Billingsley") was involved in an accident on Interstate 85 with Michael L. Adkins ("Adkins"), a truck driver employed with McWhorter Farms, LLC ("McWhorter"). Billingsley claims that "Defendant Adkins negligently and/or wantonly caused or allowed [his] vehicle to collide with a motor vehicle being driven by Billingsley." (Compl. ¶ 6.) Billingsley also brought suit against Lifestar Response of Alabama, Inc., d/b/a Car Ambulance ("Lifestar"). In his complaint, Billingsley alleges that:

> Following the accident made the basis of this suit, the Plaintiff Billingsley was attended to by ambulance personnel employed by Defendant Lifestar. During the time said Billingsley was being attended to by said employees of Lifestar, Billingsley was attended to and/or transported in such a way so as to cause and/or contribute to cause the pain and/or injuries that were suffered by Billingsley in the wreck made the basis of this suit.

(Compl. ¶ 7.)

Billingsley originally filed this action against Lifestar, McWhorter, Adkins, and various fictitious defendants in the Circuit Court of Macon County, Alabama.[1] It is undisputed that Billingsley and Lifestar are citizens of Alabama, and Adkins is a citizen of Kentucky. Defendants have correctly asserted that McWhorter's citizenship is the citizenship of all of its members. Because there is only one member of the limited liability company, and he is a resident of Kentucky, McWhorter is therefore a citizen of Kentucky. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that for purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of its members).

On September 5, 2006, McWhorter and Adkins (collectively "defendants") removed this case to the Middle District of Alabama pursuant to 28 U.S.C. § 1441. Defendants based removal upon their collective assertion of federal subject matter jurisdiction under 28 U.S.C. § 1332. Defendants argue that Billingsley fraudulently joined Lifestar, an Alabama corporation, to purposefully defeat original federal jurisdiction. Billingsley then filed the instant motion to remand.

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to motions to remand cases removed to this Court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are

---

[1] Fictitious defendants are not permitted in federal cases, and as such the citizenship of the fictitious defendants are ignored for purposes of federal diversity jurisdiction. *See New v. Sports & Rec., Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

In determining whether to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). These determinations should be "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id.*

### III. DISCUSSION

"In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe*, 113 F.3d at 1538. "[A] third situation of fraudulent joinder was identified - i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citation omitted). Defendants argue only the first prong of *Crowe*. They contend that Billingsley is foreclosed from maintaining an action against Lifestar under the heightened pleading requirements of the Alabama Medical Liability Act ("AMLA"). Ala. Code § 6-5-541 (1975).

"The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded

3

to state court." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. "[A]ny ambiguity or doubt about the substantive state law favors remand to state court." *Crowe*, 113 F.3d at 1539. The question that this court must answer is whether Billingsley has the possibility of stating a valid cause of action against Lifestar. The court finds that he does.

Defendants label Billingsley's cause of action against Lifestar as one arising under the AMLA. Additionally, because the action allegedly arose under the AMLA, defendants argue that Billingsley has failed to state a cause of action because he did not plead his case with specificity. The AMLA governs most theories of legal liability against health care providers in Alabama. Section 6-5-542 defines health care provider as "[a] medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in Section 6-5-481." Ala. Code § 6-5-542(1) (1975). Further, the term "other health care provider" is defined as "[a]ny professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services." Ala. Code § 6-5-481 (1975). Noticeably absent in the Alabama statute and precedent is the inclusion of ambulance services.

Defendants do not cite, nor can the court find, any published Alabama opinion holding that an action against an ambulance service is governed by the AMLA. Defendants cite various cases holding that pharmacists, nursing homes, etc., are health care providers, but no case mentions ambulance services. Defendants implicitly argue that this case should be decided on the merits as to Lifestar. However, the court's duty at this stage is to determine whether there is a possibility that

an Alabama court could find that plaintiff's complaint states a claim against Lifestar. This appears to be an issue of first impression, and because Alabama law is unsettled, this case is one that should be remanded. *See Florence v. Crescent Resources, LLC*, __ F.3d __, 2007 WL 1138393 (11th Cir. Apr. 18, 2007) (remand is appropriate when state law is unsettled as to an issue in the complaint).

Defendants' contentions that Billingsley fails to plead a cause of action under the AMLA with specificity is also an issue for Alabama state courts. If it is later determined that ambulance services are not included within the AMLA, then simple notice pleading is required, and defendants' contention that Billingsley failed to comply with the heightened pleading standard of the AMLA is moot.

Because there is a lack of complete diversity between the parties, the question whether the amount in controversy is above $75,000 will not be considered.

## IV. CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing fraudulent joinder. It is hereby ORDERED that:

1. Billingsley's Motion to Remand (Doc. # 10) is GRANTED;

2. This case is REMANDED to the Circuit Court of Macon County, Alabama;

3. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4. Any pending motions are left for resolution by the Circuit Court of Macon County, Alabama.

Done this 25th day of April, 2007.

                                            /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

                                                                                                           Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).